**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| ANTHONY WHITE, JR., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COOKEVILLE REGIONAL MEDICAL CENTER,<br><br>Defendant. | **Case No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Anthony White, Jr. ("Plaintiff"), individually and on behalf of all others similarly situated, asserts the following against Defendant Cookeville Regional Medical Center ("CRMC") based on personal knowledge, where applicable, information and belief, and the investigation of counsel.

## INTRODUCTION

1. CRMC is a 269-bed acute care medical facility located in Cookeville, Tennessee, serving the Upper Cumberland region with over 2,550 employees and 175+ physicians.

2. On July 14, 2025, CRMC discovered that it was the victim of a ransomware attack. CRMC promptly began an internal investigation and engaged a forensic security firm to assist with their investigation.

3. The data breach was first reported to the U.S. Department of Health and Human Services Office for Civil Rights in August 2025, using a placeholder figure of 500 individuals; however, it has taken several months to review all of the exposed data.

4. On March 16, 2026, the file review was completed, and CRMC obtained the full list of affected individuals. Notification letters were only just sent in mid-April 2026.

5. The forensic investigation determined that an unauthorized third party accessed their computer network and viewed or acquired certain files between July 11, 2025, and July 14, 2025.

6. CRMC identified the personal information of certain individuals was exposed, which may include their name, in combination with some or all of the following: address, date of birth, Social Security number, driver's license number, financial account number, medical treatment information, medical record number, and/or health insurance policy information.

7. Plaintiff White brings this action to seek monetary damages and injunctive relief against CRMC. Plaintiff White asserts claims for negligence, negligence *per se*, and breach of implied contract.

## PARTIES

8. Plaintiff Anthony White, Jr. is a resident of Morrow, Georgia. He is a patient of CRMC and provided his personal information to CRMC in connection with medical services he received. Plaintiff White received a notification from CRMC informing him he was affected by the data breach.

9. Plaintiff White provided his personal information to CRMC with the reasonable expectation that CRMC would keep such information confidential and secure from unauthorized access. Plaintiff White values the confidentiality of his personal information and demands security to safeguard his personal information.

10. Defendant Cookeville Regional Medical Center is a healthcare provider located in Cookeville, Tennessee, with its headquarters located at 1 Medical Center Blvd., Cookeville, TN 38501

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The proposed class consists of at least 100 members. Minimal diversity exists because at least one member of the proposed class is a citizen of a state different from Defendant. Specifically, Plaintiff seeks to represent a nationwide class, which includes individuals residing in any state in the United States. The amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1). A substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Tennessee, where Defendant is located and where the data breach occurred.

13. This Court has personal jurisdiction over Defendant because the Defendant is a resident of the Tennessee. The Defendant's conduct and connections with Tennessee are such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

## FACTUAL BACKGROUND

14. The personal information accessed by the unauthorized third party includes protected health information ("PHI") which is highly sensitive and subject to stringent safeguarding duties under healthcare-specific regulations analogous to HIPAA and HITECH.

15. The PHI accessed in this breach includes medical treatment information and medical record numbers, which, if misused, could lead to significant stigma and potential misuse of diagnosis and treatment information.

16. The unauthorized access to PHI exposes individuals to heightened risks of identity theft, financial fraud, and other forms of misuse, which can have long-lasting and severe impacts on the affected individuals.

17. The unauthorized third party's access to financial account numbers and other sensitive personal information further exacerbates the potential harm, as this information can be used for fraudulent activities, leading to financial losses and damage to credit scores.

18. CRMC had a duty to implement and maintain reasonable security measures to protect the sensitive information of its patients, including PHI. This duty includes adhering to industry standards and regulations designed to safeguard such information.

19. Despite the known risks and the sensitivity of the information it held, CRMC failed to implement adequate security measures, allowing the unauthorized third party to access its network and compromise the personal and health information of its patients.

20. The breach highlights CRMC's failure to comply with its obligations to protect the confidentiality and integrity of the personal and health information of its patients, thereby breaching its duties of care and implied contractual obligations.

21. The unauthorized access to PHI and other sensitive personal information has caused and will continue to cause significant harm to the affected individuals, including emotional distress, financial losses, and the need to take remedial actions to mitigate the risks associated with the breach.

22. Plaintiff and Class Members have taken and will continue to take reasonable steps to mitigate the harm caused by the breach, including monitoring their financial accounts, placing fraud alerts, and taking other protective measures.

23. The breach underscores the need for CRMC to implement comprehensive security measures to prevent future breaches and to ensure the protection of the sensitive information of its patients.

24. The affected individuals seek monetary damages and injunctive relief to address the harm caused by the breach and to ensure that CRMC implements adequate security measures to prevent future breaches.

25. On July 14, 2025, CRMC discovered that it was the victim of a ransomware attack. The forensic investigation determined that an unauthorized third party accessed their computer network and viewed or acquired certain files between July 11, 2025, and July 14, 2025.

26. This unauthorized access has placed the personal information of Plaintiff and Class Members into the hands of cybercriminals, who may exploit this data in various illicit marketplaces, including the dark web.

27. CRMC has stated it has identified the personal information exposed, which may include, depending on the individual, their name, in combination with some or all of the following: address, date of birth, Social Security number, driver's license number, financial account number, medical treatment information, medical record number, and/or health insurance policy information. This type of information is highly valuable on the dark web, where it can be sold to the highest bidder for significant sums. The market value of such comprehensive personal data can command high prices, making it a lucrative target for cybercriminals.

28. Given the type of targeted attack and the sophisticated criminal activity involved, there is a strong probability that entire batches of stolen information have been placed, or will be placed, on the black market/dark web for sale and purchase by criminals intending to utilize the private information for identity theft crimes. These crimes may include opening bank accounts in

the victims' names to make purchases or to launder money, file false tax returns, take out loans or lines of credit, or file false unemployment claims.

29. As a result of the data breach, individuals whose information was compromised are now under an imminent risk of subsequent identity theft and fraud. This risk will remain ongoing, as cybercriminals may exploit the stolen data over an extended period. The reasonable person is expected to take steps and spend time to address the dangerous situation, learn about the breach, and otherwise mitigate the risk of becoming a victim of identity theft or fraud.

**B. Notification Duties and Regulatory Expectations**

30. Upon discovering the ransomware attack on July 14, 2025, CRMC was obligated to timely notify affected individuals promptly. However, it did not begin notifying Plaintiff and Class Members until mid-April 2026.

31. Regulatory expectations mandate that entities experiencing a data breach must inform individuals whose personal information may have been compromised without unreasonable delay. This notification should include details about the incident, the type of information that may have been compromised, and steps individuals can take to protect themselves.

32. CRMC's notification duties extend to providing clear and comprehensive information about the breach. This includes specifying the timeline of the breach, the nature of the information accessed, and any measures taken to mitigate the risk.

33. The regulatory expectations also require entities to offer affected individuals resources to mitigate potential harm. This may include credit monitoring services, identity theft protection, and guidance on how to safeguard personal information.

34. The delay in notification and any gaps in the information provided can increase the burden and risk for consumers, and did so in this case. Affected individuals may face prolonged

periods of uncertainty and vulnerability, as they await details about the breach and steps to protect themselves. This delay can exacerbate the potential harm, as individuals may be exposed to identity theft, financial fraud, and other malicious activities.

**C. FTC Act, Section 5 Duties**

35. Section 5 of the FTC Act imposes a duty on businesses to engage in fair practices and to refrain from unfair or deceptive acts or practices in or affecting commerce. This duty includes the obligation to implement and maintain reasonable and appropriate measures to protect the personal information of consumers from unauthorized access. The FTC has established guidelines that outline the necessary steps businesses must take to safeguard sensitive personal information, including the implementation of robust data security practices.

36. These guidelines mandate that businesses protect personal consumer information, properly dispose of information that is no longer needed, encrypt information stored on computer networks, understand their network's vulnerabilities, and implement policies to correct any security problems. Additionally, businesses are required to use intrusion detection systems to expose breaches as soon as they occur, monitor all incoming traffic for suspicious activity, and have a response plan ready in the event of a breach.

37. This incident highlights CRMC's failure to adhere to the FTC's guidelines for cybersecurity, thereby violating its duties under Section 5 of the FTC Act.

38. As a result of the breach, CRMC identified the personal information of certain individuals, which may include their name, address, date of birth, Social Security number, driver's license number, financial account number, medical treatment information, medical record number, and/or health insurance policy information. This compromise of sensitive personal information

exposes these individuals to an increased risk of fraud and identity theft, which may persist for an extended period.

39. Despite the breach, CRMC has not provided adequate measures to mitigate the harm caused to the affected individuals. The steps taken by CRMC to address the breach and protect the affected individuals from future harm are insufficient, leaving them vulnerable to ongoing risks.

## CLASS ALLEGATIONS

40. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3), and/or (c)(4) as representatives of the following class:

> Nationwide Class: All individuals residing in the United States whose personal information was compromised in the July 2025 ransomware attack on Cookeville Regional Medical Center (the "Nationwide Subclass").
>
> Tennessee Subclass: All individuals residing in Tennessee whose personally identifiable information was compromised in the July 2025 ransomware attack on Cookeville Regional Medical Center (the "Tennessee Subclass").

41. ***Numerosity.*** The Class Members are so numerous that joinder of all members is impracticable. Upon information and belief, as well as reporting to Office of the Maine Attorney General, the proposed Class includes approximately 337,917 individuals who have been damaged by Defendant's conduct as alleged herein. The precise number of Class Members is unknown to Plaintiff but may be ascertained from Defendant's records in discovery.

42. ***Commonality.*** There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation, whether Defendant engaged in the conduct alleged herein, whether Defendant's conduct violated applicable laws, when Defendant learned of the ransomware attack, whether Defendant failed to implement and maintain reasonable security

procedures and practices appropriate to the nature and scope of the personal information compromised in the ransomware attack, and whether Defendant's data security systems prior to and during the ransomware attack complied with applicable data security laws and regulations.

43. ***Typicality.*** Plaintiff's claims are typical of those of other Class Members because Plaintiff's personal information, like that of every other Class Member, was compromised in the ransomware attack. Plaintiff's claims are typical of those of the other Class Members because, inter alia, all Class Members were injured through the common misconduct of Defendant.

44. ***Adequacy of Representation.*** Plaintiff's will fairly and adequately represent and protect the interests of Class Members. Plaintiff's counsel is competent and experienced in litigating class actions, including data privacy litigation of this kind.

45. ***Predominance.*** Defendant has engaged in a common course of conduct toward Plaintiff and Class Members. For example, all of Plaintiff's and Class Members' data was stored on the same computer systems and unlawfully accessed and exfiltrated in the same way. The common issues arising from Defendant's conduct affecting Class Members set out above predominate over any individualized issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

46. ***Superiority.*** A class action is superior to other available methods for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in the management of this class action. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a class action, most Class Members would likely find that the cost of litigating their individual claims is prohibitively high and would therefore have no effective remedy. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to

individual Class Members, which would establish incompatible standards of conduct for Defendant. In contrast, conducting this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class Member.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
**Negligence**

47. CRMC had a duty to implement and maintain reasonable security measures to protect the personal information of its patients. This duty includes, but is not limited to, safeguarding the information from unauthorized access, use, and disclosure.

48. CRMC breached this duty by failing to implement and maintain adequate security measures. Specifically, CRMC failed to detect and prevent unauthorized access to its network allowing an unauthorized third party to access and acquire files containing Plaintiff's and Class Members' personal information.

49. As a result of CRMC's breach of duty, an unauthorized third party gained access to the personal information of Plaintiff and other Class Members.

50. Plaintiff Anthony White and other class members have suffered, and will continue to suffer, harm as a result of the breach, including but not limited to, the increased risk of identity theft, financial loss, and emotional distress.

51. CRMC's breach of duty was the proximate cause of harm to Plaintiff. As a result of the data breach, Plaintiff's personal information was exposed to an unauthorized third party. Plaintiff has suffered and will continue to suffer harm, including the increased risk of identity theft, fraud, and other unauthorized use of his personal information.

52. CRMC had actual or constructive knowledge of the risk of harm to Plaintiff and other similarly situated individuals, and its conduct was willful, oppressive, or malicious.

53. As a direct and proximate result of CRMC's negligent conduct, Plaintiff has suffered and will continue to suffer damages, including but not limited to:

a. The loss of the value of his personal information;

b. The cost of monitoring his credit and financial accounts to mitigate the risk of identity theft and fraud;

c. The time and effort spent addressing the consequences of the data breach;

d. The emotional distress, anxiety, and inconvenience caused by the data breach;

e. The increased risk of future harm, including identity theft, fraud, and other unauthorized use of his personal information.

54. Plaintiff is entitled to compensatory damages, including but not limited to, the damages described above.

55. Plaintiff is also entitled to an award of punitive damages against CRMC for its willful, oppressive, or malicious conduct.

56. Plaintiff is entitled to an award of his costs of suit and reasonable attorney's fees, as provided by law.

57. Plaintiff is entitled to such other and further relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### Negligence *Per Se*

58. Plaintiff brings this claim for negligence *per se* against CRMC for its failure to comply with applicable laws and regulations designed to protect personal information.

59. CRMC had a duty to comply with the FTC Act, which imposes a duty on businesses to refrain from engaging in unfair or deceptive practices in or affecting commerce. This duty includes the obligation to implement reasonable measures to protect personal information from unauthorized access.

60. CRMC had a duty to comply with the Health Insurance Portability and Accountability Act (HIPAA) and the Health Information Technology for Economic and Clinical Health Act (HITECH). These laws and regulations impose specific duties on covered entities to protect the privacy and security of protected health information.

61. CRMC breached this duty by failing to implement and maintain reasonable security measures to protect the personal information of Plaintiff and other affected individuals. Specifically, CRMC allowed an unauthorized third party to gain access to parts of its network where order forms and invoices were stored, including personal information such as names, dates of birth, and medical record numbers.

62. CRMC's breach of its duty under the FTC Act, HIPAA, and HITECH Act was the proximate cause of the harm suffered by Plaintiff. As a result of the data breach, Plaintiff has suffered and will continue to suffer damages, including but not limited to, the increased risk of identity theft, invasion of privacy, and the loss of control over the use of his identity.

63. CRMC's conduct constitutes negligence *per se* because it violated a statute designed to protect the public from the very type of harm that Plaintiff suffered. Therefore, Plaintiff is entitled to recover damages for CRMC's negligence *per se*.

Plaintiff seeks compensatory damages, including but not limited to, damages for the increased risk of identity theft, invasion of privacy, and the loss of control over the use of his identity. Plaintiff also seeks injunctive relief requiring CRMC to strengthen its data security systems and monitoring procedures to prevent future breaches.

## THIRD CLAIM FOR RELIEF
### Breach of Implied Contract

64. Plaintiff alleges that an implied contract existed between him and CRMC based on the mutual understanding and expectations that CRMC would safeguard his personal information provided in connection with his medical treatment. This implied contract arose from the circumstances surrounding the provision of medical services and the handling of sensitive personal information.

65. As a condition of receiving medical services involving CRMC's services, Plaintiff was required to provide his personal information to CRMC. This information included address, date of birth, Social Security number, driver's license number, financial account number, medical treatment information, medical record number, and/or health insurance policy information.

66. Plaintiff provided his personal information to CRMC with the reasonable expectation that CRMC would implement and maintain adequate security measures to protect this information from unauthorized access and disclosure. This expectation was based on industry standards and the implicit understanding that healthcare providers and related entities would handle sensitive personal information with due care and diligence.

67. CRMC breached this implied contract by failing to implement and maintain reasonable security measures to protect Plaintiff's personal information. Specifically, CRMC allowed an unauthorized third party to access parts of its network, during which time files containing Plaintiff's personal information were potentially accessed and acquired.

68. As a direct and proximate result of CRMC's breach of the implied contract, Plaintiff has suffered and continues to suffer harm, including but not limited to, the increased risk of identity theft, fraud, and other unauthorized use of his personal information. Plaintiff has also incurred and will continue to incur expenses and efforts to mitigate the potential damages resulting from the breach.

69. Plaintiff seeks compensatory damages for the harm suffered as a result of CRMC's breach of the implied contract. Additionally, Plaintiff seeks injunctive relief requiring CRMC to implement and maintain adequate security measures to protect Plaintiff's personal information from future breaches.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully request that the Court:

A. Certify this case as a class action, and appoint Plaintiff as Class Representatives and the undersigned attorneys as Class Counsel;

B. Enter judgment in favor of Plaintiff and the Class;

C. Enter injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiff and Class Members, including reformation of practices and an accounting and purging of wrongfully obtained personal information;

D. Award all actual, general, special, incidental, statutory, treble, punitive, liquidated, and consequential damages and/or restitution to which Plaintiff and Class members are entitled;

E. Award disgorgement of monies obtained through and as a result of the wrongful conduct alleged herein;

F. Award Plaintiff and Class members pre- and post-judgment interest as provided

by law;

G. Enter such other orders as may be necessary to restore to Plaintiff and Class members any money and property acquired by Defendant through their wrongful conduct;

H. Award Plaintiff and Class Members reasonable litigation expenses and attorneys' fees as permitted by law; and

I. Award such other and further relief as the Court deems necessary and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Dated: April 22, 2026

Respectfully submitted,

*/s/ Alexandra M. Honeycutt*
Alexandra M. Honeycutt
**MILBERG, PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (423) 737-3265
Email: ahoneycutt@milberg.com

Mariya Weekes (*pro hac vice* forthcoming)
**MILBERG, PLLC**
333 SE 2nd Avenue, Suite 2000
Miami, FL 33131
Tel: (786) 206-9057
mweekes@milberg.com

Christian Levis
Amanda G. Fiorilla
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Email: clevis@lowey.com
Email: afiorilla@lowey.com

Anthony M. Christina
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: (215) 399-4770
Email: achristina@lowey.com

*Counsel for Plaintiff and Proposed Class*